UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) ) ) |
| *Plaintiff*, | ) ) No. 1:23-cv-00422-JMS-MKK |
| *vs.* | ) ) ) |
| SELECTIVE INSURANCE COMPANY OF AMERICA and BLAKE'S BEST SERVICES, LLC, | ) ) ) |
| *Defendants*. | ) ) |

**ORDER**

On March 8, 2023, Defendant Selective Insurance Company of America ("Selective") removed this case to this Court from the Marion Superior Court. [Filing No. 1.] Since that time, the parties have filed multiple documents regarding whether the Court has subject-matter jurisdiction over this case. [*See* Filing No. 16; Filing No. 20; Filing No. 21; Filing No. 24.] This Order discusses those filings.

**I.
BACKGROUND**

A.   **The Complaint**

On February 1, 2023, Plaintiff Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") filed a Complaint against Selective and Defendant Blake's Best Services, LLC ("Blake's Best") in Marion Superior Court ("the State Court Lawsuit"). [Filing No. 1-4.] Cracker Barrel alleges the following in the Complaint, which the Court accepts as true for purposes of deciding whether it has subject-matter jurisdiction over this case:

Cracker Barrel entered into a Master Services Agreement ("the Agreement") with Blake's Best for Blake's Best to provide recurring construction and maintenance services. [Filing No. 1-4

- 1 -

at 3.] The Agreement required Blake's Best to obtain and maintain commercial liability insurance for liability Blake's Best assumed under the Agreement, and to make Cracker Barrel an additional named insured. [Filing No. 1-4 at 3-4.] Blake's Best entered into a commercial insurance policy with Selective to satisfy its obligations under the Agreement ("the Policy"). [Filing No. 1-4 at 6.] An addendum to the Agreement required Blake's Best to perform paving repairs and work on a ramp at a Cracker Barrel restaurant in Fisher's Indiana ("the Restaurant"), in order to make the ramp compliant with the Americans With Disabilities Act. [Filing No. 1-4 at 4.]

On October 4, 2022, Carolyn Manifold filed a lawsuit against Cracker Barrel and Blake's Best, alleging that she lost her balance on an unmarked change in elevation in the sidewalk at the Restaurant, fell, and was injured ("the Underlying Lawsuit"). [Filing No. 1-4 at 4.] Cracker Barrel then filed the State Court Lawsuit, seeking a declaration that Selective owed Cracker Barrel a duty to defend the Underlying Lawsuit and asserting a breach of contract claim against Selective. [Filing No. 1-4 at 11.]

### B.    Selective Removes the State Court Lawsuit to This Court

Selective filed a sixteen-page Notice of Removal on March 8, 2023, in which it asserted that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because its removal was timely; consent of its Co-Defendant, Blake's Best, was not necessary because Blake's Best is "an improperly joined defendant, or, alternatively, a nominal defendant or defendant who should be realigned for purposes of the diversity evaluation"; there is complete diversity of citizenship between Selective and Cracker Barrel; and the amount in controversy exceeds $75,000, exclusive of interest and costs. [Filing No. 1.]

### C. Cracker Barrel Responds to the Notice of Removal

On March 31, 2023, Cracker Barrel responded to the Notice of Removal pursuant to Local Rule 81-1. [Filing No. 16.] Cracker Barrel did not explicitly request that the Court remand the case to the Marion Superior Court, but argued that Blake's Best is a properly named defendant, is not a nominal party, and should not be realigned as a plaintiff; that Blake's Best did not consent to removal; that the forum-defendant rule prohibits removal because Blake's Best is an Indiana citizen; and that Selective has not shown that the amount in controversy exceeds $75,000. [Filing No. 16.]

### D. The Parties File Additional Documents, at the Court's Direction

On April 4, 2023, the Court – noting its responsibility to ensure that it has jurisdiction – ordered the parties to file briefs addressing the jurisdictional issues raised in Cracker Barrel's 81-1 Response. [Filing No. 18.] Cracker Barrel filed a Supplemental Response to the Notice of Removal on April 10, 2023, arguing that it was not waiving any defects in Selective's Notice of Removal and reiterating the arguments it set forth in its 81-1 Response. [Filing No. 20.]

Selective then filed a Response in Support of Notice of Removal, asserting that the amount in controversy is satisfied because the Complaint places the Policy's entire $1,000,000 liability limit in issue plus any attorneys' fees incurred by Cracker Barrel thus far. [Filing No. 21 at 2-7.] Selective also contends that the Court lacks jurisdiction to remand the case on the basis of any jurisdictional defects because Cracker Barrel did not file a motion to remand within thirty days of removal. [Filing No. 21 at 8-11.] Finally, Selective reiterates its arguments that Blake's Best was fraudulently joined, is a nominal defendant, or should be realigned as a plaintiff. [Filing No. 21 at 12-15.]

On May 8, 2023, Cracker Barrel filed a reply in which it argues that it timely raised the defects in Selective's Notice of Removal, including that Blake's Best is not a nominal defendant, it has not consented to removal, and its status as an Indiana citizen prohibits removal based on the forum-defendant rule. [Filing No. 24 at 2-4.] Cracker Barrel also argues that it did not miss the deadline for seeking remand because it filed its 81-1 Statement within 30 days of removal. [Filing No. 24 at 4.] Finally, Cracker Barrel argues that Selective has not established that the amount in controversy exceeds $75,000. [Filing No. 24 at 4-7.]

## II.
### STANDARD OF REVIEW

The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts have original jurisdiction over cases arising under federal law and over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1331; 28 U.S.C. § 1332. A defendant may remove a case from state court to a federal district court of the district court has original jurisdiction over the matter. 28 U.S.C. § 1441. "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Accordingly, "[t]he party seeking removal bears the burden of proving the propriety of removal." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

## III.
### DISCUSSION

Selective raises numerous issues related to Blake's Best presence in this lawsuit, including arguments that it is fraudulently joined, that it is a nominal defendant, and that it should be realigned as a plaintiff. Cracker Barrel, on the other hand, argues that Blake's Best is a legitimate

defendant whose presence defeats diversity jurisdiction under the forum-defendant rule and that, in any event, the Court does not have diversity jurisdiction because the amount in controversy requirement has not been met.  Because the amount in controversy issue is ultimately dispositive, the Court begins there.

Selective argues that the amount in controversy is $75,000, exclusive of interest and costs, because Cracker Barrel seeks both post-tender attorneys' fees expended in defending the Underlying Lawsuit and attorneys' fees expended in this case, so the entire $1,000,000 policy limit is at issue.  [Filing No. 1 at 12-13.]  It asserts that the duty to defend "necessarily implicates the narrower duty to indemnify, placing the policy limits at issue."  [Filing No. 21 at 3-7.]

Cracker Barrel argues that it only seeks a declaration that Selective owes it a duty to defend, and does not seek a declaration regarding indemnification.  [Filing No. 16 at 13; Filing No. 24 at 4-7.]  It argues that Selective "offers no tangible evidence that the cost of the defense will exceed $75,000, let alone a preponderance of the evidence."  [Filing No. 16 at 14 (emphasis omitted).]

It does not appear that the Seventh Circuit Court of Appeals has decided the issue of whether the potential cost of indemnification – or the policy limit – can be included in the amount in controversy where the insured only seeks a declaration that there is a duty to defend and does not seek a declaration regarding indemnification.  District courts, however, have held that the amount in controversy in a declaratory judgment action related only to the duty to defend is "the past and anticipated costs of defense of the underlying action."  *Atlantic Healthcare, LLC v. Argonaut Ins. Co.*, 2020 WL 4501833, at *2 (S.D. Fla. Jan. 17, 2020); *see also City of New York v. Travelers Prop. Cas. Co. of America*, 2020 WL 263658, at *2 (S.D. N.Y. Jan. 16, 2020) ("The complaints do not ask the Court to adjudicate the duty to indemnify, only the duty to defend.  Any effect on the duty to indemnify would come through collateral estoppel.  Therefore, the potential

indemnity may not be included in the amount in controversy."); *AXIS Surplus Ins. Co. v. Valles*, 2018 WL 5617818, at *2 (N.D. Ala. Oct. 30, 2018) (amount in controversy in case seeking declaration regarding duty to defend was the costs the insurer would incur in defending insureds in underlying action).

Selective relies on *State Auto Prop. & Cas. Ins. Co. v. Perez*, 2013 WL 12242006 (C.D. Ill. July 16, 2003), a declaratory judgment action related solely to the duty to defend in which the court found that the potential cost of indemnification was part of the amount in controversy, even if the duty to indemnify issue was not yet ripe. The Court here does not agree with the court's reasoning in *Perez*, nor is it bound by that decision. The *Perez* court relied on *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536 (7th Cir. 2006), in which the Seventh Circuit held that the potential indemnity amount counts toward the amount in controversy in a declaratory judgment action, regardless of whether the indemnification issue is ripe. But, critically, the *Meridian* case included a claim for a declaration that there was a duty to indemnify, not just a claim for a declaration that there was a duty to defend. *Id.* at 537 ("[Meridian] asked the district court to issue a declaratory judgment that it need not defend or indemnify its insured."). The *Perez* court did not note this difference, but it is significant because the duty to defend is broader than the duty to indemnify – the former is based on the complaint's allegations and the latter is based on what is ultimately proven. *Lockwood International, B.V. v. Volm Bag Corp.*, 273 F.3d 741, 745-47 (7th Cir. 2001). Accordingly, if this Court finds that Selective does not have a duty to defend, it also will not have a duty to indemnify and the policy limit for indemnification will never be at issue. And, again, Cracker Barrel has not asked the Court to decide the indemnification issue in any event.

"[T]he removing defendant, as [the] proponent of federal jurisdiction, must establish what the plaintiff stands to recover" by a preponderance of the evidence. *Meridian Sec. Ins. Co.*, 441

F.3d at 541-42. This it can do "by contentions interrogatories or admissions in state court; by calculation from the complaint's allegations…; by reference to the plaintiff's informal estimates or settlement demands…; or by introducing evidence, in the form of affidavits." *Id.* Selective makes no attempt to provide such information or evidence, instead relying on the $1,000,000 policy limit and stating in conclusory fashion that "because Cracker Barrel seeks post-tender attorneys' fees in [the Underlying Lawsuit] as well as attorneys' fees for the filing of the instant suit, both of which have already been incurred prior to removal, those attorneys' fees contribute to and separately easily push the amount in controversy past the $75,000 threshold." [Filing No. 1 at 13 (internal quotation omitted).]

Because Cracker Barrel seeks a declaration only as to the duty to defend, the policy limit may not be counted toward the amount in controversy and Selective has not sustained its burden of showing by a preponderance of the evidence that Cracker Barrel has or will incur more than $75,000 in defending the Underlying Lawsuit. Accordingly, the amount in controversy requirement of § 1332 is not met, the Court does not have diversity jurisdiction over this matter, and this case is **REMANDED** to the Marion Superior Court.[1]

## IV.
### CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to the Marion Superior Court.

---

[1] Because the Court finds that the amount in controversy requirement is not met, it need not consider the numerous arguments the parties raise regarding whether Blake's Best is fraudulently joined or is a nominal party and whether Blake's Best should be realigned as a plaintiff in this case. Additionally, because the amount in controversy is not a waivable removal requirement, *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("No court may decide a case without subject matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction."), the Court need not consider whether Cracker Barrel timely raised its objections to removal.

- 8 -

Date: 5/31/2023

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only to all counsel of record</u>**